**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50359 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00351-ODW-1 |
| v. | |
| MARK WAYNE HESS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Mark Wayne Hess appeals from the district court's judgment and challenges the 24-month sentence imposed upon revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hess contends that the district court procedurally erred by failing to discuss the 18 U.S.C. § 3583(e) sentencing factors and to explain its reasons for revoking supervised release and imposing the 24-month sentence and lifetime term of supervision. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that the district court did not err. The court considered the applicable sentencing factors, explicitly noting that it could only consider those 18 U.S.C. § 3553(a) factors that were incorporated in § 3583(e), and its reasons for revoking supervised release and imposing a within-Guidelines custodial sentence and lifetime term of supervision are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Further, the record does not support Hess's contention that the district court insufficiently considered his mitigating arguments, which were described by counsel and reiterated by Hess during his allocution.

Hess also argues that the sentence is substantively unreasonable because it was ordered to run consecutively to the remaining time on the state offense that was the basis for the revocation. The district court did not abuse its discretion. *See* U.S.S.G. § 7B1.3(f) (revocation sentence should run consecutively to any sentence the defendant is currently serving); *Gall v. United States*, 552 U.S. 38, 51 (2007) (stating standard of review). The sentence is substantively reasonable in light of the totality of the circumstances and the § 3583(e) sentencing factors, particularly

2                                                                                    19-50359

Hess's history and characteristics and the need to sanction Hess's breach of trust. *See Gall* 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (primary purpose of revocation sentence is to sanction the defendant's breach of trust).

Finally, Hess challenges standard supervised release conditions five, six, and fourteen in the written judgment. The government concedes, and we agree, that these conditions are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018). We therefore remand for the district court to modify conditions five, six, and fourteen consistent with our opinion in *Evans*.

**AFFIRMED in part; VACATED and REMANDED in part.**